IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY C. BARRETT,
    Plaintiff,

v.                                                            Civil Action No. 1:14-cv-214

TERRY O'BRIEN, Complex Warden;
C. EICHENLAUB, Regional Director;
    Defendants.

## REPORT AND RECOMMENDATION

On December 15, 2014, *pro se* Plaintiff Anthony C. Barrett ("Plaintiff") filed a Complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (Docket No. 1.) He also filed an application to proceed *in forma pauperis* ("IFP"), a Consent to Collection of Fees from Trust Account, his Prisoner Trust Account Report with attached ledger sheets, and a motion for the appointment of counsel. (Docket Nos. 2, 3, 4, and 5.) On December 17, 2014, the undersigned granted Plaintiff's application to proceed IFP. (Docket No. 7.) In that Order, the undersigned noted that Plaintiff would not be required to pay the initial partial filing fee, but would be assessed the total $350.00 filing fee. (Id. at 2.) That same day, the undersigned also entered an Order denying Plaintiff's motion for the appointment of counsel. (Docket No. 8.) This case is before the undersigned for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

### I.    Plaintiff's Complaint

In his Complaint, Plaintiff alleges that while he was incarcerated at USP Hazelton in Bruceton Mills, West Virginia, he experienced physical abuse and torture because he was "sent outside in sub-zero temperatures without the proper protective clothing," which exposed his skin to "extreme cold weather. (Docket No. 1 at 6.) He further argues that he was subjected to cruel and

unusual punishment because he was forced to choose between eating or facing extreme cold weather. (Id. at 6-7.) Plaintiff also alleges that the Bureau of Prisons has been negligent by failing to provide the proper clothing for extreme cold weather conditions. (Id. at 7.) Finally, Plaintiff argues that he has experienced mental abuse because the Bureau of Prisons failed to provide him "with a safe living environment as well as health and welfare." (Id.) Plaintiff states that he has "suffered continuously from physical and mental abuse, frost nip, itching and burning of skin, blisters, and seborrhea." (Id.) As relief, he requests that his sentence be vacated and that he receive damages in the amount of $32,000,000.00. (Id. at 8.)

## II. Analysis

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Therefore, to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. See Rizzo v. Good, 423 U.S. 362 (1976).

However, the Fourth Circuit has recognized that supervisory defendants may be liable in a Bivens action if the plaintiff shows that "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent

2

to the prison physicians' constitutional violations." Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), overruled in part on other grounds by Farmer v. Brennan, 511 U.S. 825, 837 (1994). In so finding, the Fourth Circuit recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id. However, a plaintiff cannot establish supervisory liability merely by showing that the subordinate was deliberately indifferent to his needs. Id. Rather, the plaintiff must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id.

Here, Plaintiff names Defendant O'Brien solely in his official capacity as Warden at USP Hazelton and Defendant Eichenlaub solely in his official capacity as Regional Director of the Mid-Atlantic Region. The only part Defendants played was denying Plaintiff's administrative remedies. "This is not the type of personal involvement required to state a Bivens claim." Cayton v. Stewart, No. 3:12-cv-96, 2014 WL 769631, at *7 (N.D. W. Va. Feb. 25, 2014) (citing Paige v. Kupec, No. Civ. A. AW-02-3430, 2003 WL 23274357, at *1 (D. Md. Mar. 31, 2003).

Furthermore, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Therefore, because remedy under Bivens is against federal officials in their individual capacities, and not the federal government, the plaintiff cannot maintain a claim against Defendants in their official capacities.

Additionally, Plaintiff has failed to make the appropriate showing of supervisory liability.

3

He has not shown that Defendants tacitly authorized or were indifferent to the alleged violation of his constitutional rights. See Miltier, 896 F.2d at 854. Accordingly, Plaintiff has failed to make the appropriate showing of supervisory liability.

In sum, Plaintiff has failed to allege that Defendants were personally involved in a deprivation of his constitutional rights. Furthermore, Plaintiff has not provided any evidence to support a claim of supervisory liability against Defendants. Accordingly, because Plaintiff has failed to state a claim against Defendants, the undersigned recommends that his Complaint be dismissed with prejudice as to those named defendants[1]

### III.    Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE** for the failure to name any proper defendants. The undersigned further **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as to the named defendants for failure to state a claim upon which relief can be granted.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will

---

[1] Although not reflected on the docket sheet, Plaintiff also names the Federal Bureau of Prisons as a defendant. (Docket No. 1 at 1.) However, a Bivens cause of action cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: December 29, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE