```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ANTHONY C. BARRETT,**

    **Plaintiff,**

**v.**                         **//   CIVIL ACTION NO. 1:14CV214**
                                        **(Judge Keeley)**

**TERRY O'BRIEN, Complex Warden,**
**C. EICHENLAUB, Regional Director,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11]

On December 15, 2014, <u>pro se</u> Plaintiff Anthony C. Barrett ("Barrett") filed a complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). (dkt. no. 1). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. On December 29, 2014, Magistrate Judge Kaull issued his R&R, in which he concluded that Barrett had failed to name any proper defendants and that, as to those defendants he improperly named, he failed to state a claim upon which relief may be granted (dkt. no. 11). The R&R recommended that the Court dismiss Barrett's complaint without prejudice for failure to name any proper defendants, and dismiss with prejudice his complaint as to the named defendants for failure to state a claim upon which relief may be granted. <u>Id.</u> at 4.

The R&R also specifically warned Barrett that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. <u>Id.</u> at 4-5.

**BARRETT V. O'BRIEN, ET AL.**                                     **1:14CV214**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11]**

The parties did not file any objections.[1] Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 11), **DISMISSES WITHOUT PREJUDICE** Barrett's complaint for failure to name any proper defendants, and **DISMISSES WITH PREJUDICE** his complaint as to the named defendants for failure to state a claim upon which relief may be granted.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: November 21, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).